WELLS-GARDNER & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61138. Promulgated October 13, 1936.

*E. H. McDermott, Esq.*, for the petitioner.
*H. D. Thomas, Esq.*, for the respondent.

OPINION.

HILL: The question for determination here is whether the petitioner and its parent corporation were authorized to make a consolidated return for the calendar year 1930, which was the taxable year of the parent corporation, notwithstanding that the petitioner had previously made and filed a separate return for the fiscal year ended June 30, 1930. Such authority, if it existed, must be found in the provisions of section 141 of the Revenue Act of 1928[1] and the regulations prescribed by the Commissioner thereunder.

Section 141 confers upon an affiliated group of corporations the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, upon condition that all corporations of such affiliated group consent to all the regulations under subsection (b) prescribed prior to the making of such return. It is provided further in that section that the making of a consolidated return shall be considered as such consent. Subsection (b) of section 141 gives the Commissioner authority, with the approval of the Secretary, to prescribe such regulations as he may deem neces-

---

[1] SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSEQUENT TAXABLE YEARS.

(a) *Privilege to file consolidated returns.*—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. * * *

sary to determine, compute, assess, collect, and adjust the tax liability of an affiliated group of corporations and of each corporation of the group in such manner as to reflect clearly the income and prevent avoidance of tax liability.

Pursuant to that authority the Commissioner, with the approval of the Secretary, prescribed in Regulations 75 for the carrying into effect of the provisions of section 141. Article 10 of these regulations requires that the privilege of making a consolidated return for any taxable year of an affiliated group must be exercised at the time of filing the return of the parent corporation for such year. Article 14 provides that the taxable year of the parent corporation shall be the taxable year of the affiliated group which makes a consolidated return, and that the consolidated net income must be computed on the basis of the taxable year of the parent corporation.

The consolidated return in this case was made in strict accordance with the provisions of section 141, *supra*, and of the regulations prescribed thereunder. The consolidated return was made voluntarily and in the exercise of a privilege granted by section 141 after the corporations involved affirmatively consented to the provisions of said regulations in addition to the consent imposed by statute upon the filing of a consolidated return.

Petitioner contends, however, that the consolidated return was made without authority of law, for the assigned reason that petitioner had previously made a separate return for the fiscal year ended June 30, 1930, covering the first six months of the taxable year for which the consolidated return was made. This contention is based on the argument that the petitioner by making the separate return had elected not to join in a consolidated return for the calendar year 1930 and that the election was irrevocable and binding upon petitioner, its parent corporation and the respondent, notwithstanding the subsequent making and filing of the consolidated return. We find that neither the provisions of section 141 of the Revenue Act of 1928 nor the regulations thereunder support this argument.

The petitioner has cited and relies upon a number of cases based upon the provisions of previous revenue acts relating to the filing of separate and consolidated returns by affiliated corporations.

There is clearly a difference between the provisions of section 141 (a) of the Revenue Act of 1928 and section 240 (a) of the Revenue Act of 1921. Under section 141 (a) of the 1928 Act an affiliated group of corporations has the privilege of filing a consolidated return for the taxable year 1929 or any subsequent taxable year, and such privilege is not lost or forfeited by postponing the election to file such return to any taxable year subsequent to the taxable year 1929.

Under section 240 (a) of the Revenue Act of 1921 an affiliated group of corporations was permitted to file either a consolidated return or

separate returns for any taxable year beginning on or after January 1, 1922, but the kind of return (consolidated or separate) filed for the first taxable year beginning on or after January 1, 1922, was required to be the basis for returns for subsequent taxable years by such corporations unless and until such basis was changed by permission of the Commissioner.

Under the 1928 Act the election applies only to consolidated returns and may be exercised as to any taxable year subsequent to the taxable year 1928, but when the privilege to file a consolidated return is once exercised, the basis can not be changed without permission of the Commissioner, whereas under the 1921 Act the privilege of election applied to separate as well as consolidated returns and could be exercised only for the first taxable year beginning on or after January 1, 1922.

Section 240 (a) of the Revenue Act of 1924 and section 240 (a) of the Revenue Act of 1926 are identical with section 240 (a) of the Revenue Act of 1921, except in respect to the first taxable years to which the later acts apply. Under the Acts of 1921, 1924, and 1926 the filing of a separate return constituted an election to continue to file such return for subsequent taxable years until permission to change to a consolidated return basis was granted by the Commissioner. Also under those acts the filing of a consolidated return for the first taxable year constituted an election to continue to file such return for subsequent taxable years until permission to change to the basis of separate returns was granted by the Commissioner.

Under the 1928 Act the filing of a separate return does not constitute an election to continue to file such return until permission to change is granted by the Commissioner, but the filing of a consolidated return under that act does constitute an election to continue to file consolidated returns on such basis until permission to change is granted by the Commissioner. Therefore, the filing by the petitioner of a separate return for the fiscal year ended June 30, 1930, constituted no legal hindrance or impediment to the making of a consolidated return by petitioner and its parent corporation for the calendar year 1930, which was the taxable year of the parent corporation.

Section 141 of the Revenue Act of 1928 is new law that prospectively supersedes and annuls those provisions of section 240 of the Revenue Acts of 1921, 1924, and 1926 constituting the filing of a separate return an election to continue to make returns on that basis. Hence, the cases cited and relied on by petitioner in support of its contention that the filing of its separate return for the fiscal year ending June 30, 1930, foreclosed it from joining in the consolidated return for the calendar year 1930 have no pertinency in the instant case.

The petitioner, exercising its legal right to join in a consolidated return for the calendar year 1930, included therein its income and losses during the period from January 1 to June 30, 1930, its losses substantially exceeding its income for that period. Its net loss was deducted from its substantial net income for the last half of the calendar year 1930. Petitioner in its separate return for its fiscal year 1930 also deducted its net losses sustained during the period from January 1 to June 30, 1930, from its income for the period July 1 to December 31, 1929. Petitioner, therefore, had a double deduction of the loss sustained in the period January 1 to June 30, 1930, and in each return the loss was absorbed.

The petitioner and its parent corporation, in exercising their legal privilege to file a consolidated return for the calendar year 1930, pursued a course which safely assured the avoidance of any tax liability for either corporation for such taxable year. This course involved, however, a double deduction of the loss sustained by petitioner during the period January 1 to June 30, 1930. The law does not contemplate nor countenance the avoidance of tax liability through such device. As bearing upon the question of the double deduction of losses, the following citations are pertinent: *Summerfield Co.*, 29 B. T. A. 77; *Ilfeld Co.* v. *Hernandez*, 292 U. S. 62; *National Casket Co.*, 29 B. T. A. 139; *Burnet* v. *Riggs National Bank*, 57 Fed. (2d) 980. In the last case the court said: "Double credits equally with double taxation are to be avoided where possible in construing laws passed by Congress."

It is obvious that petitioner is not entitled to deduct its loss incurred in the period January 1 to June 30, 1930, from both its income for its fiscal year 1930 and its income for the calendar year 1930. Petitioner's tax liability for its fiscal year ending June 30, 1930, was determined by its separate return for that taxable year. But subsequent to the determination of that tax liability petitioner joined with its parent corporation, the Gulbransen Co., in exercising the privilege granted by statute to make a consolidated return for the calendar year 1930. Under this consolidated return petitioner's tax liability for the entire calendar year 1930 was determined, and upon that basis it was found that petitioner had no tax liability for such year.

Exercise of the privilege of filing a consolidated return imposed upon the petitioner and its parent corporation acceptance of the following conditions: (1) That they consent to all the regulations prescribed prior thereto under subsection (b) of section 141 of the Revenue Act of 1928; (2) that the consolidated return be made at the time of filing the return of the Gulbransen Co., the parent corporation; (3) that the consolidated return be made for the taxable year of the parent corporation, which was the calendar year 1930; and (4) that the consolidated net income be computed on the basis of the taxable year of the parent corporation.

Under no other conditions and on no less than all of the conditions named is a consolidated return authorized under the statute and the regulations, which have the force of a statute.

No question as to the validity of the regulations referred to has been raised.

In *Ilfeld Co.* v. *Hernandez, supra*, the Supreme Court, referring to consolidated returns under the above act and Regulations 75, prescribed under section 141 (b) thereof, said:

The making of the consolidated return constituted acceptance by petitioner and its subsidiaries of the Regulations that had been prescribed. No question of validity is raised.

The same position was taken on that question in *Wishnick-Tumpeer, Inc.*, 27 B. T. A. 548, and in the same case at 77 Fed. (2d) 774.

The petitioner not only consented to filing a consolidated return for the parent's taxable year 1930, but consented to all the regulations prescribed prior thereto. Such consent can not be withdrawn or revoked after the consolidated return is filed. Art. 12 (*b*), Regulations 75.

If petitioner's contention herein should be upheld it would avoid a portion of its tax liability by reason of the fact that it has twice deducted from its income the loss sustained in the six-month period from January 1 to June 30, 1930—once from the income for the period July 1, 1929, to June 30, 1930, and again for the period January 1, to December 31, 1930.

In order to reflect properly the income of petitioner and determine its correct tax liability for the overlapping periods of the fiscal year 1930 and the calendar year 1930, it was necessary that there be an adjustment of the return of one of those taxable years.

The Commissioner accepted the consolidated return, as he was compelled to do under section 141 of the Revenue Act of 1928 and articles 10 and 14 of Regulations 75, and determined the tax liability thereon for the calendar year 1930. This operation reflected properly the income and tax liability covered by the period of such return, but disturbed the tax liability of petitioner as previously determined on the basis of its separate return for the fiscal year ending June 30, 1930. Hence, it became necessary, in order to reflect properly the taxable income of petitioner for the eighteen-month period from July 1, 1929, to December 31, 1930, to adjust the separate return for the fiscal year 1930 by limiting it to the period July 1 to December 31, 1929.

It was the duty of the Commissioner to make such adjustment. His action is, therefore, approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*